**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE**

NICHOLAS BLANCHARD )
)
)
Plaintiff, )
)
v. )
)
)
)
)
Civil Action No. 1:26-cv-00049-SDN
)
AUGUSTA BOARD OF EDUCATION; )
MARTHA WITHAM, Chair, Augusta Board )
of Education, in her official and individual )
capacities; and AUGUSTA SCHOOL )
DEPARTMENT; )
)
)
)
Defendants )

## ANSWER OF DEFENDANTS AUGUSTA BOARD OF EDUCATION, AUGUSTA SCHOOL DEPARTMENT AND MARTHA WITHAM

Defendants Augusta Board of Education, Martha Witham, and Augusta School

Department respond to Plaintiff's Complaint (ECF No. 1) as follows:

INTRODUCTION

Defendants deny the lengthy, unnumbered paragraphs of the Complaint.

THE PARTIES

1.     Defendants are without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph 1 of the Complaint and therefore deny the same.

2.     Defendants admit the allegations contained in Paragraph 2 of the Complaint.

3.     Defendants admit that Martha Witham is the Chair of the Augusta Board of

Education and has held that position at times relevant to the events in this complaint. The

remaining allegations contained in Paragraph 3 of the Complaint state legal conclusions not requiring a response.

4. Defendants admit the allegations contained in Paragraph 4 of the Complaint.

JURISDICTION AND VENUE

5. Paragraph 5 of the Complaint states a legal conclusion to which no responsive pleading is required. To the extent Paragraph 5 includes factual allegations, they are denied.

6. Paragraph 6 of the Complaint states a legal conclusion to which no responsive pleading is required. To the extent Paragraph 6 includes factual allegations, they are denied.

STATEMENT OF FACTS
*Augusta Board of Education's Policies on Public Comments*

7. Paragraph 7 of the Complaint states a legal conclusion to which no responsive pleading is required. To the extent Paragraph 7 includes factual allegations, they are denied.

8. Defendants admit the allegations contained in Paragraph 8 of the Complaint.

9. Defendants admit the allegations contained in Paragraph 9 of the Complaint.

10. Defendants admit the allegations contained in Paragraph 10 of the Complaint.

11. Defendants admit that Paragraph 11 of the Complaint accurately quotes a portion of the Policy.

12. Defendants admit that Paragraph 12 of the Complaint accurately quotes a portion of the Policy.

13. Defendants admit that Paragraph 13 of the Complaint accurately quotes a portion of the Policy.

14. Defendants admit that Paragraph 14 of the Complaint accurately quotes a portion of the Policy.

15. Defendants admit that Paragraph 15 of the Complaint accurately quotes a portion of the Policy.

16. Defendants admit the allegations contained in Paragraph 16 of the Complaint.

17. Defendants admit the allegations contained in Paragraph 17 of the Complaint.

18. Defendants admit that Paragraph 18 of the Complaint accurately quotes a portion of the Policy.

19. Policy BEDH speaks for itself. To the extent the allegations contained in Paragraph 19 are incomplete or inconsistent therewith, they are denied.

*The Board Chair Statements Interpreting Policy BEDH*

20. Defendants admit the allegations contained in Paragraph 20 of the Complaint.

21. Defendants admit the allegations contained in Paragraph 21 of the Complaint.

22. Defendants admit the allegations contained in Paragraph 22 of the Complaint.

23. Defendants deny the allegations contained in paragraph 23 of the Complaint because they are incomplete.

24. Defendants admit the allegations contained in Paragraph 24 of the Complaint.

25. The video recording of the May 14, 2025 Board meeting speaks for itself; to the extent the allegations in Paragraph 25 of the Complaint are incomplete and/or inconsistent therewith, they are denied.

26. Defendants admit the allegations contained in Paragraph 26 of the Complaint.

27. The video recording of the May 14, 2025 Board meeting speaks for itself; to the extent the allegations in Paragraph 27 of the Complaint are incomplete and/or inconsistent therewith, they are denied.

28. The video recording of the May 14, 2025 Board meeting speaks for itself; to the extent the allegations in Paragraph 28 of the Complaint are incomplete and/or inconsistent therewith, they are denied.

29. The video recording of the May 14, 2025 Board meeting speaks for itself; to the extent the allegations in Paragraph 29 of the Complaint are incomplete and/or inconsistent therewith, they are denied.

*Plaintiff Public Comments at Board of Education Meetings*

30. Defendants admit the allegations contained in Paragraph 30 of the Complaint.

31. Defendants admit the allegations contained in Paragraph 31 of the Complaint.

32. Defendants admit that at the January meeting, the Board of Education discussed amending its discrimination and harassment policies. Defendants deny the remaining allegations contained in Paragraph 32 of the Complaint.

33. Defendants admit that Plaintiff referred to male board members as "soft beta males who won't stand up for what is right." The remainder of the allegations are denied to the extent they are inconsistent with Plaintiff's comments, as shown in the video of the January 8, 2025 board meeting.

34. Defendants admit the allegations contained in Paragraph 34 of the Complaint.

35. Defendants admit that Plaintiff finished the remainder of his comments without additional interruption. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 35 of the Complaint and therefore deny the same.

36. Defendants admit the allegations contained in Paragraph 36 of the Complaint.

37. Defendants admit the allegations contained in Paragraph 37 of the Complaint.

38. Defendants admit that shortly before the February board meeting, the MPA had issued a public statement confirming that the MPA would allow transgender athletes to compete in sports that do not match their biological sex. Defendants deny the remaining allegations contained in Paragraph 38 of the Complaint.

39. Defendants admit the allegations contained in Paragraph 39 of the Complaint.

40. Blanchard's comments, as heard in the February 12, 2025 Board meeting video, speak for themselves; to the extent the allegations in the Paragraph 40 of the Complaint are incomplete or inconsistent therewith, they are denied.

41. Blanchard's comments and Witham's response, as heard in the February 12, 2025 Board meeting video, speak for themselves; to the extent the allegations in Paragraph 41 of the Complaint are incomplete or inconsistent therewith, they are denied.

42. Defendants admit the allegations contained in Paragraph 42 of the Complaint.

43. Defendants deny the allegations contained in Paragraph 43 of the Complaint.

44. Defendants admit the allegations contained in Paragraph 44 of the Complaint.

45. Defendants admit the allegations contained in Paragraph 45 of the Complaint.

46. Defendants admit that in Blanchard's comments at the April 9, 2025, meeting, he thanked the six board members and also criticized the one board member who voted against compliance without using that board member's name. Defendants deny the accuracy of the Complaint's characterization of his comments.

47. Defendants admit that Witham stated "negative comments will not be allowed," but Defendants deny the Complaint's characterization of "at what point" Witham interrupted and deny the remaining allegations in Paragraph 47 of the Complaint.

48. Defendants admit the allegations contained in Paragraph 48 of the Complaint.

49. Defendants admit the allegations contained in Paragraph 49 of the Complaint.

50. Defendants deny that Witham "did not explain." Defendants admit the remaining allegations in Paragraph 50 of the Complaint.

51. Defendants admit the allegations contained in Paragraph 51 of the Complaint.

52. Defendants admit the allegations contained in Paragraph 52 of the Complaint.

53. Defendants admit the allegations contained in Paragraph 53 of the Complaint.

54. Defendants admit the allegations contained in Paragraph 54 of the Complaint.

55. Defendants deny that the recording "explicitly identified Blanchard by name as the author of the recording's words." Defendants admit the remaining allegations contained in Paragraph 55 of the Complaint.

56. Defendants admit the allegations contained in Paragraph 56 of the Complaint.

57. Defendants admit the allegations contained in Paragraph 37 of the Complaint.

58. Defendants admit that at the June 11, 2025, meeting, Blanchard addressed his perception of how the board had repeatedly censored his public comments in past meetings.

59. Defendants admit the allegations contained in Paragraph 59 of the Complaint.

60. The Board meeting videos of Blanchard's comments at the June 11, 2025 meeting and the other referenced speaker's comments speak for themselves; to the extent the allegations in Paragraph 60 of the Complaint are incomplete or inconsistent therewith, they are denied.

61. Defendants admit the allegations contained in Paragraph 61 of the Complaint but deny any characterizations of his statements or of the sequencing of his statements to the extent they are incomplete or inconsistent with the video of the June 11, 2025 Board meeting.

62. Defendants admit the allegations contained in Paragraph 62 of the Complaint.

63. Defendants admit the allegations contained in Paragraph 63 of the Complaint but deny any characterizations of any statements or the sequencing of any statements to the extent they are incomplete or inconsistent with the video of the June 11, 2025 Board meeting.

64. Defendants admit that Witham eventually requested the assistance of an officer. Defendants are without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 64 of the Complaint and therefore deny the same.

65. Defendants admit the allegations contained in Paragraph 65 of the Complaint.

66. Witham's statement to the Chair, as heard on the video of the July 9, 2025 board meeting, speaks for itself; to the extent the allegations in Paragraph 66 of the Complaint are incomplete or inconsistent therewith, they are denied.

67. Defendants admit the allegations contained in Paragraph 67 of the Complaint.

68. The video of the July 9, 2025 board meeting speaks for itself; to the extent the allegations in Paragraph 67 of the Complaint are incomplete or inconsistent therewith, they are denied.

69. Defendants admit the allegations contained in Paragraph 69 of the Complaint.

70. Defendants admit the allegations contained in Paragraph 70 of the Complaint.

71. Defendants deny that Blanchard mentioned "Carran" in his August 13, 2025 comments. Blanchard's statements in the August 13, 2025 board meeting video speak for themselves, to the extent the allegations in Paragraph 71 of the Complaint are incomplete or inconsistent therewith, they are denied.

72. Defendants admit the allegations contained in Paragraph 72 of the Complaint.

73. Defendants admit the allegations contained in Paragraph 73 of the Complaint.

74. Defendants admit the allegations contained in Paragraph 74 of the Complaint.

75. Defendants admit the allegations contained in Paragraph 75 of the Complaint.

76. Defendants admit the allegations contained in Paragraph 76 of the Complaint.

77. Defendants admit the allegations contained in Paragraph 77 of the Complaint.

78. Defendants admit the allegations contained in Paragraph 78 of the Complaint.

79. Defendants admit the allegations contained in Paragraph 79 of the Complaint. '

*The Impact of Defendants' Actions on Plaintiff*

80. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 of the Complaint and therefore deny the same.

81. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 of the Complaint and therefore deny the same.

82. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82 of the Complaint and therefore deny the same.

83. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83 of the Complaint and therefore deny the same.

84. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84 of the Complaint and therefore deny the same.

85. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85 of the Complaint and therefore deny the same.

86. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86 of the Complaint and therefore deny the same.

87. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87 of the Complaint and therefore deny the same.

88. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88 of the Complaint and therefore deny the same.

COUNT ONE
VIEWPOINT DISCRIMINATION, FACIALLY AND AS APPLIED
U.S. CONST. AMENDS, I. XIV, 42 U.S.C. § 1983

89. Defendants repeat and reallege their answers to the allegations contained in Paragraphs 1 through 88 of the Complaint as set forth in full herein.

90. Paragraph 90 of the Complaint states a legal conclusion to which no responsive pleading is required. To the extent Paragraph 90 includes factual allegations, they are denied.

91. Paragraph 91 of the Complaint states a legal conclusion to which no responsive pleading is required. To the extent Paragraph 91 includes factual allegations, they are denied.

92. Paragraph 92 of the Complaint states a legal conclusion to which no responsive pleading is required. To the extent Paragraph 92 includes factual allegations, they are denied.

93. Paragraph 93 of the Complaint states a legal conclusion to which no responsive pleading is required. To the extent Paragraph 93 includes factual allegations, they are denied.

94. Paragraph 94 of the Complaint states a legal conclusion to which no responsive pleading is required. To the extent Paragraph 94 includes factual allegations, they are denied.

95. Defendants deny the allegations contained in Paragraph 95 of the Complaint.

96. Defendants admit that Paragraph 96 of the Complaint accurately quotes *Iancu v. Brunetti,* 588 U.S.388, 394 (2019). Defendants deny the remaining allegations contained in Paragraph 96 of the Complaint.

97. Defendants deny the allegations contained in Paragraph 97 of the Complaint.

98. Defendants deny the allegations contained in Paragraph 98 of the Complaint.

COUNT TWO
UNREASONABLE RESTRICTION, FACIALLY AND AS-APPLIED

U.S. CONST. AMENDS. I, XIV, 42 U.S.C § 1983

99. Defendant repeat and reallege their answers to the allegations contained in Paragraphs 1 through 98 of the Complaint as though set forth in full herein.

100. Paragraph 100 of the Complaint states a legal conclusion to which no responsive pleading is required. To the extent Paragraph 100 includes factual allegations, they are denied.

101. Paragraph 101 of the Complaint states a legal conclusion to which no responsive pleading is required. To the extent Paragraph 101 includes factual allegations, they are denied.

102. Defendants deny the allegations contained in Paragraph 102 of the Complaint.

103. Defendants deny the allegations contained in Paragraph 103 of the Complaint.

104. Defendants deny the allegations contained in Paragraph 104 of the Complaint.

COUNT THREE
VAGUENESS
U.S. CONST. AMENDS. I, XIV, 42 U.S.C § 1983

105. Defendants repeat and reallege their answers to the allegations contained in Paragraphs 1 through 104 of the Complaint as though set forth in full herein.

106. Paragraph 106 of the Complaint states a legal conclusion to which no responsive pleading is required. To the extent Paragraph 106 includes factual allegations, they are denied.

107. Defendants deny the allegations contained in Paragraph 107 of the Complaint.

108. Defendants deny the allegations contained in Paragraph 108 of the Complaint.

109. Defendants deny the allegations contained in Paragraph 109 of the Complaint.

COUNT FOUR
OVERBREADTH
U.S. CONST. AMENDS. I, XIV, 42 U.S.C § 1983

110. Defendants repeat and reallege their answers to the allegations contained in Paragraphs 1 through 109 of the Complaint as though set forth in full herein.

111. Paragraph 111 of the Complaint states a legal conclusion to which no responsive pleading is required. To the extent Paragraph 111 includes factual allegations, they are denied.

112. Defendants deny the allegations contained in Paragraph 112 of the Complaint.

113. Defendants deny the allegations contained in Paragraph 113 of the Complaint.

114. Defendants deny the allegations contained in Paragraph 114 of the Complaint.

AFFIRMATIVE DEFENSES

1. Plaintiff lacks standing to bring some or all of his claims.

2. The individual Defendant is entitled to qualified immunity.

Dated:   March 9, 2026

*/s/ Melissa A. Hewey*
Melissa A. Hewey
Susan M. Weidner
Attorneys for Defendants

Drummond Woodsum
84 Marginal Way, Suite 600
Portland, Maine 04101-2480
Tel: (207) 772-1941
Fax: (207) 772-3672
mhewey@dwmlaw.com
sweidner@dwmlaw.com